

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00248-CV

---

CARY ALLEN SIMMANG, APPELLANT

V.

STANDARD LIFE AND CASUALTY INSURANCE COMPANY, APPELLEE

---

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 110014-A-CV, Honorable Dee Johnson, Presiding

---

March 13, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Cary Allen Simmang, proceeding pro se, appeals from the trial court's *Final Take Nothing Judgment* in his suit alleging Appellee, Standard Life and Casualty Insurance Company, wrongfully continued to draft his bank account for health insurance premiums after expiration of what he claims was a two-year term. By his brief,[1] he

---

[1] By letter dated December 15, 2023, Simmang was notified his letter brief did not comply with the Texas Rules of Appellate Procedure and was provided the opportunity to file a corrected brief no later than December 29, 2023. He did not comply and was advised by letter dated January 11, 2024, that his original brief would be submitted and that inadequate briefing might result in possible waiver of arguments. On

challenges the judgment and requests that this Court award him damages plus interest for the years of unauthorized drafts from his bank account. We affirm.

## BACKGROUND

On October 22, 2008, Simmang entered into a Limited Benefit Basic Hospital Expense insurance policy with Standard Life. According to Simmang's pleading, he was incarcerated in June 2009, and Standard Life continued to automatically withdraw premiums for years which he did not authorize. He sued Standard Life for fraud, breach of contract, and other claims alleging the policy had expired two years after the effective date and sought a refund of the premiums. Mediation was not successful, and a jury trial was held via Zoom.

Simmang was the only witness at trial and was permitted to testify in narrative form. He testified the policy was for only a two-year term and denied authorizing automatic withdrawals from his bank account. During cross-examination, Standard Life referenced the authorization signed by Simmang for automatic withdrawals which provided it could only be revoked in writing. Simmang acknowledged his signature but denied he agreed to automatic withdrawals for payment of the premiums. He admitted he did not revoke the authorization in writing based on his belief the policy would expire in two years.

Counsel for Standard Life then referenced Paragraph 18 of the policy on which Simmang relied for the two-year expiration date. That paragraph authorized disclosure

February 15, 2024, Simmang filed a corrected brief which this Court accepted despite being untimely and despite noncompliance with Rule 38.1 of the Texas Rules of Appellate Procedure.

of his medical records and those of covered family members. It then provided "[t]his *authorization* is valid for two years following the date written below [10-22-2008] and then will expire." The paragraph also provided for the "right to revoke this *authorization* at any time." As counsel for Standard Life noted, the *authorization* referred to in the paragraph was solely for expiration of the period for release of medical records and not for termination of the policy. Simmang disagreed with counsel's interpretation of the language.

After Simmang's testimony, Standard Life moved for a directed verdict arguing that Simmang did not meet his burden of proof with regard to liability or damages. Simmang responded that he met his burden of proof with the actual contract which plainly recited it terminated two years from October 22, 2008.

The trial court granted Standard Life's motion and ruled that as a matter of law the language in question did not refer to termination of the policy in two years but referred to the medical authorization expiring in two years. The court further ruled there was no evidence that Simmang revoked the authorization for automatic withdrawals in writing and that he knew that authorization was in place.

## ANALYSIS

Simmang contends the trial court abused its discretion in dismissing his suit without justification and in denying him the opportunity to present evidence.[2] Standard Life contends Simmang's inadequate briefing has resulted in waiver of his appellate

---

[2] Simmang also argues the statute of limitations was tolled when he was incarcerated. The argument has no merit as Standard Life established it was entitled to judgment as a matter of law.

complaint. We do not disagree with Standard Life's position but address Simmang's complaint for the sake of judicial economy.

A directed verdict is proper when the evidence is such that no other verdict can be reached, and the moving party is entitled to judgment as a matter of law. *Allred v. Freestone Cnty. Fair Ass'n*, No. 07-20-00168-CV, 2022 Tex. App. LEXIS 2513, at *20 (Tex. App.—Amarillo April 18, 2022, no pet.) (mem. op.). The evidence established Simmang entered into a policy with Standard Life and agreed to pay premiums by automatic withdrawal. The policy provided for termination for nonpayment and that automatic withdrawals for the premiums could only be terminated by written notice which Simmang never provided to Standard Life. Despite Simmang's assertion that counsel for Standard Life misconstrued the language in the policy and manipulated the trial court, it was Simmang who incorrectly interpreted the two-year termination provision which applied only to authorization for release of medical records. Simmang did not provide any evidence raising a fact issue that the policy terminated two years after October 22, 2008, and he was not denied the opportunity to present evidence.

We conclude the trial court did not err in granting Standard Life's motion for directed verdict. Simmang's complaints are overruled.

## CONCLUSION

The trial court's take-nothing judgment is affirmed.

Alex Yarbrough
Justice

4